United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEXSALES CORP.,

           Plaintiff,

    v.

SALEBUILD, INC.,

           Defendant.

_____/

No. C-11-3915 EMC

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

**(Docket No. 23)**

     Defendant's motion to dismiss Plaintiff's complaint came on for hearing before the Court on January 6, 2012. Docket No. 23. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

## I.    <u>FACTUAL & PROCEDURAL HISTORY</u>

     Plaintiff Nexsales Corporation is a corporation that creates, maintains, and updates databases. Compl. ¶ 8. Plaintiff develops information that goes into the databases, and alleges that this is confidential information with great value to Plaintiff. Compl. ¶¶ 11, 12.

     Plaintiff alleges that between December 2010 and February 2011, Defendants Salebuild, Inc. and Does 1-100 illegally accessed Plaintiff's databases over 3000 times in order to download information. Compl. ¶ 14. Based on these alleged acts, Plaintiff raises claims for: (1) violation of the Computer Fraud and Abuse Act; (2) misappropriation of trade secrets; (3) unfair competition under the California Business and Professions Code § 17200 et seq.; (4) violation of California Penal Code § 502; (5) violation of the Stored Wire and Electronic Communications and Transaction

Records Act; (6) common law misappropriation; (7) inducing breach of contract; (8) intentional

interference with contractual relations; and (9) fraud.

## II.   DISCUSSION

A.   Legal Standard

In a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must be construed

in a light most favorable to the non-moving party and all material allegations in the complaint are

taken to be true.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  This rule does not apply to

"legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  While a complaint does

not need detailed factual allegations to survive a Rule 12(b)(6) motion, the plaintiff must provide

grounds demonstrating his entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007).  Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above

the speculative level."  *Id.*  This threshold is reached when the plaintiff pleads sufficient facts to

allow the Court to draw a reasonable inference that the defendant is liable for the alleged

misconduct.  *Ashcroft*, 129 S. Ct. at 1950.

B.   Motion to Dismiss

The Court finds that as a preliminary matter, Plaintiff's complaint has failed to allege any

specifics tying Defendant to the alleged wrongdoing.  At the hearing on this matter, Plaintiff stated

that it has ISPs and IP addresses involved with the illegal access, and that these ISPs and IP

addresses are associated with Defendant.  Plaintiff also stated that it possesses e-mails in which

Defendant solicited Plaintiff's former employees.  None of these facts are alleged in the complaint.

Plaintiff fails to establish Defendant's culpability with sufficient plausibility required by *Twombly*

and *Iqbal*.  There are other pleading defects as well.

1.   Computer Fraud and Abuse Act (18 U.S.C. § 1030)

18 U.S.C. § 1030 concerns intentional access of a computer without authorization or

exceeding authorized access.  As Plaintiff failed to specify which provision of the statute was

violated, the Court presumes from Plaintiff's complaint that Plaintiff was alleging a violation of 18

U.S.C. § 1030(a)(2).  To plead a violation of 18 U.S.C. § 1030(a)(2), Plaintiff must plead facts

showing that Defendant:

> (1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that he (3) thereby obtained information (4) from any protected computer (if the conduct involved an interstate or foreign communication), and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value.

*LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009).  "Loss" is defined by the

statute as "any reasonable cost to any victim, including the cost of responding to an offense,

conducting a damage assessment, and restoring the data program, system, or information to its

condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages

incurred because of interruption of service."  18 U.S.C. § 1030(e)(1).

      In the instant case, Plaintiff makes conclusory allegations that repeat the elements of this

cause of action.  For example, Plaintiff alleges that "Defendants, either individually or in concert,

intentionally accessed Nexsales'[s] computer without authorization and/or exceeded any

authorization to access the Nexsales computer system."  Compl. ¶ 16.  Plaintiff provides no specific

facts supporting this allegation.  Furthermore, Plaintiff fails to allege that there was loss as defined

by the statute, such as costs associated with responding to the alleged access or any interruption of

service.  Plaintiff instead alleges only that Defendant obtained information with a value in excess of

$100,000.  Compl. ¶¶ 17-19.  Such information does not appear to fall under the statutory definition

of "loss."  Accordingly, Plaintiff's first cause of action is dismissed.

      2.    <u>Misappropriation of Trade Secrets</u>

      Under California's Uniform Trade Secrets Act, Plaintiff must allege that: (1) Plaintiff owned

a trade secret; (2) Defendant acquired, disclosed, or used the trade secret through improper means;

and (3) Defendant's actions damaged Plaintiff.  *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App.

4th 1658, 1665 (2003).  Again, Plaintiff provides only conclusory allegations, claiming that

Defendant was given access to confidential and proprietary information which was then disclosed to

third-parties.  Compl. ¶ 22, 24.  Plaintiff fails to identify the information that was taken, and does not

**United States District Court**
For the Northern District of California

3

United States District Court
For the Northern District of California

1  provide facts demonstrating that the information constitutes a trade secret.  Accordingly, Plaintiff's

2  second cause of action is dismissed.

3        3.       Unfair Competition (California Business and Professions Code § 17200 et seq.)

4        California Business and Professions Code § 17200 et seq. encompasses California's unfair

5  competition law.  *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1401 (2010).  To bring an unfair

6  competition claim, the plaintiff must have suffered an injury in fact and lost money or property as a

7  result of the unfair competition.  Cal. Bus. & Prof. Code § 17204.  Thus, "courts can issue orders

8  only to prevent unfair competition practices and to restore to any person in interest any money or

9  property which may have been acquired by means of such unfair competition."  *Pineda*, 50 Cal. 4th

10  at 1401 (citation omitted).  The scope of this law is broad; rather than proscribe specific practices,

11  "section 17200 'borrows' violations of other laws and treats them as unlawful practices that the

12  unfair competition law makes independently actionable."  *Cel-Tech Comms., Inc. v. L.A. Cellular*

13  *Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

14        In the instant case, Plaintiff's unfair competition claim fails to the extent it relies on

15  Plaintiff's allegations of "multiple unlawful acts by Defendants," which themselves lack sufficient

16  factual allegations.  Because the causes of action that this claim is predicated on insufficient factual

17  allegations, Plaintiff's unfair competition claim likewise fails.  *See Holomaxx Techs. v. Microsoft*

18  *Corp.*, 783 F. Supp. 2d 1097, 1108 (N.D. Cal. 2011) ("Because . . . Holomaxx has yet to state a

19  viable claim for any actionable wrongdoing, the UCL claim in its present form also is subject to

20  dismissal"); *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1147 (N.D. Cal. 2010)

21  ("DocMagic has not alleged facts showing that Ellie Mae's conduct violated the Sherman Act . . . .

22  As a result, any claims DocMagic might be asserting under the UCL's unfair prong necessarily fail

23  as well.").

24        Plaintiff further alleges that by taking information, Defendant's actions result in unfair

25  competition because Defendant does not have to pay development costs.  Plaintiff fails to provide

26  any factual basis for this allegation, not even alleging that Defendant is a competitor of Plaintiff.

27  Furthermore, Plaintiff has alleged no specific loss as a result of Defendant's alleged act.

28  Accordingly, Plaintiff's third cause of action is dismissed.

United States District Court

For the Northern District of California

1        4.       California Penal Code § 502

2        California Penal Code § 502 is the California equivalent of the federal Computer Fraud and

3    Abuse Act. *Multiven, Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887, 895 (N.D. Cal. 2010) ("the

4    necessary elements of Section 502 do not differ materially from the necessary elements of the

5    [Computer Fraud and Abuse Act]").  As discussed above, Plaintiff has failed to plead any specific

6    facts to support its allegations, including whether Plaintiff suffered any loss as defined by the statute.

7    Accordingly, Plaintiff's fourth cause of action is dismissed.

8        5.       Stored Wire and Electronic Communications and Transactional Records Access Act

9                  (17 U.S.C. § 2701)

10       The Stored Communications Act prohibits a party from intentionally accessing without

11   authorization a facility through which an electronic communication system is provided, or

12   intentionally exceeding an authorization to access that facility, and thereby obtaining or preventing

13   access to a wire or electronic communication while it is in electronic storage.  18 U.S.C. § 2701.

14       In the instant case, Plaintiff has alleged that "[b]y intentionally accessing Nexsales'[s]

15   password-protected computer server by using a confidential login and password that did not belong

16   to them, knowing that they did not have such authorization, Defendants intentionally accessed

17   without authorization Nexsales'[s] computer network facility providing an 'electronic

18   communications service' of lead data stored in Nexsales'[s] Database."  Compl. ¶ 48.  Not only does

19   Plaintiff fail to provide any factual basis for this allegation, Plaintiff appears to contradict its own

20   allegation that several of  the Doe Defendants were Plaintiff's employees who exceeded their

21   authority. *See* Compl. ¶¶ 22, 24.  Plaintiff also fails to provide specific facts demonstrating that

22   Plaintiff's database is an "electronic communication" or that Plaintiff's data was "in electronic

23   storage," instead relying on conclusory statements that repeat the statutory definitions of the terms.

24   For example, "electronic storage" is defined in part as "any temporary, intermediate storage of a

25   wire or electronic communication incidental to the electronic transmission thereof."  18 U.S.C. §

26   2510(17).  Plaintiff's complaint repeats the definition, alleging that "Nexsales'[s] Database

27   constitutes an 'electronic storage' device as that term is defined under 18 U.S.C. § 2510(17) because

28   the Database provides temporary, intermediate storage of lead data which is electronically

1  communicated to Nexsales'[s] users."  Compl. ¶ 47.  Because such conclusory allegations do not

2  support a claim under the Stored Communications Act, the Court will dismiss Plaintiff's fifth cause

3  of action.

4        6.    <u>Common Law Misappropriation</u>

5        A common law misappropriation claim requires that the plaintiff plead facts demonstrating:

6  (1) the plaintiff made a substantial investment of time, effort, and money into creating the thing

7  misappropriated such that the court can characterize the 'thing' as a kind of property right; (2) the

8  defendant appropriated the 'thing' at little or no cost; and (3) the defendant injured the plaintiff by

9  the misappropriation.  *Hollywood Screentest of Am., Inc. v. NBC Universal, Inc.*, 151 Cal. App. 4th

10  631, 650 (2007).

11        Defendant argues that where the common law claim is based on the same nucleus of facts as

12  a claim under California's Uniform Trade Secrets Act, the statute preempts the common law claims.

13  *See K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958

14  (2009); *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 239 (2010) ("Although California['s

15  Uniform Trade Secrets Act] is vexingly oblique, a legislative intent to supersede other grounds of

16  civil liability does flow from statutory implication, context, legislative history, and general

17  principles of statutory supersession."), *overruled on other grounds by Kwikset Corp. v. Superior

18  Court*, 51 Cal. 4th 310 (2011).  Plaintiff does not dispute that its claims would be preempted by the

19  Uniform Trade Secrets Act, instead arguing that its common law misappropriation claim is

20  appropriate as to items that are not trade secrets.  Opp. at 13.  In that regard, Plaintiff fails to plead

21  facts with any specificity establishing such.  *See* Compl. ¶¶ 51-56.  Accordingly, Plaintiff's sixth

22  cause of action is dismissed.

23        7.    <u>Inducing Breach of Contract and Intentional Interference with Contractual Relations</u>

24        To assert a claim for breach of contract and intentional interference with contractual

25  relations, a plaintiff must demonstrate: (1) the existence of a valid contract between the plaintiff and

26  a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts

27  designed to induce a breach or disruption of the contractual relationship; (4) actual breach or

28  disruption of the contractual relationship; and (5) resulting damage.  *See Pac. Gas & Elec. Co. v.*

1    *Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990); 5 Witkin, Summary of Cal. Law (10th ed. 2005),

2    Torts § 731 p. 1058.  In the instant case, Plaintiff generally alleges that a contract existed but fails to

3    identify any terms of the contract, the parties involved, the terms of the contract that were breached,

4    how Defendant would have known of the contract, and what harm was suffered by Plaintiff as a

5    result of the breach.  Thus, Plaintiff's claims fail for lack of sufficient factual allegations, and

6    Plaintiff's seventh and eighth claims are dismissed.

7            8.    Fraud

8            A claim for fraud requires: "(1) a misrepresentation, (2) with knowledge of its falsity, (3)

9    with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5)

10   resulting damage."  *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1255 (2009).  Where a

11   plaintiff alleges fraud, Federal Rule of Civil Procedure 9(b) requires that the plaintiff plead

12   averments of fraud with particularity.  To satisfy Rule 9(b), a plaintiff must identify the "who, what,

13   when, and how" with sufficient specificity as to "give defendants notice of the particular misconduct

14   so that they can defend against the charge and not just deny that they have done anything wrong."

15   *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations omitted).  Furthermore, a

16   plaintiff may not "lump multiple defendants together but requires plaintiffs to differentiate their

17   allegations when suing more than one defendant and inform each defendant separately of the

18   allegations surrounding his alleged participation in the fraud."  *Swartz v. KPMG LLP*, 479 F.3d 756,

19   764-65 (9th Cir. 2007) (citation omitted).  In short, where a suit involves multiple defendants, the

20   plaintiff must identify the role of each defendant in the alleged fraudulent scheme.  *See id.* at 765.

21           In the instant case, Plaintiff alleges that Defendants "repeatedly accessed and used Nexsales

22   computer and databases by logging in with usernames and passwords that were not theirs."  Compl.

23   ¶ 75.  This claim appears to contradict prior allegations that Defendants accessed the database and

24   exceeded their authorization.  *E.g.*, Compl. ¶¶ 16, 22 ("During employment with Nexsales, one or

25   more of Does 1-100 was given access to confidential and proprietary trade secrets of Nexsales'[s]).

26   Additionally, Plaintiff fails to identify the role of Defendant or the Doe Defendants, instead

27   generally lumping them together in contravention of Rule 9(b).  Nor, *inter alia*, does the complaint

28   specify the alleged misrepresentation(s).  Accordingly, Plaintiff's ninth cause of action is dismissed.

United States District Court
For the Northern District of California

### III.   <u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss.  Plaintiff is given leave to amend his complaint accordingly.  Plaintiff shall file an amended complaint within 30 days of the date of this order.

This order disposes of Docket No. 23.


IT IS SO ORDERED.


Dated:  January 24, 2012

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California