United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXSALES CORP., | No. C-11-3915 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| SALEBUILD, INC., | **(Docket No. 23)** |
| Defendant. | |
| _____/ | |

Defendant's motion to dismiss Plaintiff's complaint came on for hearing before the Court on January 6, 2012. Docket No. 23. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

## I. FACTUAL & PROCEDURAL HISTORY

Plaintiff Nexsales Corporation is a corporation that creates, maintains, and updates databases. Compl. ¶ 8. Plaintiff develops information that goes into the databases, and alleges that this is confidential information with great value to Plaintiff. Compl. ¶¶ 11, 12.

Plaintiff alleges that between December 2010 and February 2011, Defendants Salebuild, Inc. and Does 1-100 illegally accessed Plaintiff's databases over 3000 times in order to download information. Compl. ¶ 14. Based on these alleged acts, Plaintiff raises claims for: (1) violation of the Computer Fraud and Abuse Act; (2) misappropriation of trade secrets; (3) unfair competition under the California Business and Professions Code § 17200 et seq.; (4) violation of California Penal Code § 502; (5) violation of the Stored Wire and Electronic Communications and Transaction

1  Records Act; (6) common law misappropriation; (7) inducing breach of contract; (8) intentional
2  interference with contractual relations; and (9) fraud.

## II.  DISCUSSION

A.  Legal Standard

In a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must be construed in a light most favorable to the non-moving party and all material allegations in the complaint are taken to be true.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  This rule does not apply to "legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, the plaintiff must provide grounds demonstrating his entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level."  *Id.*  This threshold is reached when the plaintiff pleads sufficient facts to allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Ashcroft*, 129 S. Ct. at 1950.

B.  Motion to Dismiss

The Court finds that as a preliminary matter, Plaintiff's complaint has failed to allege any specifics tying Defendant to the alleged wrongdoing.  At the hearing on this matter, Plaintiff stated that it has ISPs and IP addresses involved with the illegal access, and that these ISPs and IP addresses are associated with Defendant.  Plaintiff also stated that it possesses e-mails in which Defendant solicited Plaintiff's former employees.  None of these facts are alleged in the complaint. Plaintiff fails to establish Defendant's culpability with sufficient plausibility required by *Twombly* and *Iqbal*.  There are other pleading defects as well.

1.  Computer Fraud and Abuse Act (18 U.S.C. § 1030)

18 U.S.C. § 1030 concerns intentional access of a computer without authorization or exceeding authorized access.  As Plaintiff failed to specify which provision of the statute was violated, the Court presumes from Plaintiff's complaint that Plaintiff was alleging a violation of 18

2

1  U.S.C. § 1030(a)(2). To plead a violation of 18 U.S.C. § 1030(a)(2), Plaintiff must plead facts
2  showing that Defendant:

> (1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that he (3) thereby obtained information (4) from any protected computer (if the conduct involved an interstate or foreign communication), and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value.

*LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009). "Loss" is defined by the statute as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(1).

In the instant case, Plaintiff makes conclusory allegations that repeat the elements of this cause of action. For example, Plaintiff alleges that "Defendants, either individually or in concert, intentionally accessed Nexsales'[s] computer without authorization and/or exceeded any authorization to access the Nexsales computer system." Compl. ¶ 16. Plaintiff provides no specific facts supporting this allegation. Furthermore, Plaintiff fails to allege that there was loss as defined by the statute, such as costs associated with responding to the alleged access or any interruption of service. Plaintiff instead alleges only that Defendant obtained information with a value in excess of $100,000. Compl. ¶¶ 17-19. Such information does not appear to fall under the statutory definition of "loss." Accordingly, Plaintiff's first cause of action is dismissed.

2.      <u>Misappropriation of Trade Secrets</u>

Under California's Uniform Trade Secrets Act, Plaintiff must allege that: (1) Plaintiff owned a trade secret; (2) Defendant acquired, disclosed, or used the trade secret through improper means; and (3) Defendant's actions damaged Plaintiff. *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1665 (2003). Again, Plaintiff provides only conclusory allegations, claiming that Defendant was given access to confidential and proprietary information which was then disclosed to third-parties. Compl. ¶ 22, 24. Plaintiff fails to identify the information that was taken, and does not

3

1 provide facts demonstrating that the information constitutes a trade secret.  Accordingly, Plaintiff's
2 second cause of action is dismissed.

3       3.      <u>Unfair Competition (California Business and Professions Code § 17200 et seq.)</u>

4 California Business and Professions Code § 17200 et seq. encompasses California's unfair
5 competition law.  *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1401 (2010).  To bring an unfair
6 competition claim, the plaintiff must have suffered an injury in fact and lost money or property as a
7 result of the unfair competition.  Cal. Bus. & Prof. Code § 17204.  Thus, "courts can issue orders
8 only to prevent unfair competition practices and to restore to any person in interest any money or
9 property which may have been acquired by means of such unfair competition."  *Pineda*, 50 Cal. 4th
10 at 1401 (citation omitted).  The scope of this law is broad; rather than proscribe specific practices,
11 "section 17200 'borrows' violations of other laws and treats them as unlawful practices that the
12 unfair competition law makes independently actionable."  *Cel-Tech Comms., Inc. v. L.A. Cellular*
13 *Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

14 In the instant case, Plaintiff's unfair competition claim fails to the extent it relies on
15 Plaintiff's allegations of "multiple unlawful acts by Defendants," which themselves lack sufficient
16 factual allegations.  Because the causes of action that this claim is predicated on insufficient factual
17 allegations, Plaintiff's unfair competition claim likewise fails.  *See Holomaxx Techs. v. Microsoft*
18 *Corp.*, 783 F. Supp. 2d 1097, 1108 (N.D. Cal. 2011) ("Because . . . Holomaxx has yet to state a
19 viable claim for any actionable wrongdoing, the UCL claim in its present form also is subject to
20 dismissal"); *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1147 (N.D. Cal. 2010)
21 ("DocMagic has not alleged facts showing that Ellie Mae's conduct violated the Sherman Act . . . .
22 As a result, any claims DocMagic might be asserting under the UCL's unfair prong necessarily fail
23 as well.").

24 Plaintiff further alleges that by taking information, Defendant's actions result in unfair
25 competition because Defendant does not have to pay development costs.  Plaintiff fails to provide
26 any factual basis for this allegation, not even alleging that Defendant is a competitor of Plaintiff.
27 Furthermore, Plaintiff has alleged no specific loss as a result of Defendant's alleged act.
28 Accordingly, Plaintiff's third cause of action is dismissed.

4

#### 4. California Penal Code § 502

California Penal Code § 502 is the California equivalent of the federal Computer Fraud and Abuse Act. *Multiven, Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887, 895 (N.D. Cal. 2010) ("the necessary elements of Section 502 do not differ materially from the necessary elements of the [Computer Fraud and Abuse Act]"). As discussed above, Plaintiff has failed to plead any specific facts to support its allegations, including whether Plaintiff suffered any loss as defined by the statute. Accordingly, Plaintiff's fourth cause of action is dismissed.

#### 5. Stored Wire and Electronic Communications and Transactional Records Access Act (17 U.S.C. § 2701)

The Stored Communications Act prohibits a party from intentionally accessing without authorization a facility through which an electronic communication system is provided, or intentionally exceeding an authorization to access that facility, and thereby obtaining or preventing access to a wire or electronic communication while it is in electronic storage. 18 U.S.C. § 2701.

In the instant case, Plaintiff has alleged that "[b]y intentionally accessing Nexsales'[s] password-protected computer server by using a confidential login and password that did not belong to them, knowing that they did not have such authorization, Defendants intentionally accessed without authorization Nexsales'[s] computer network facility providing an 'electronic communications service' of lead data stored in Nexsales'[s] Database." Compl. ¶ 48. Not only does Plaintiff fail to provide any factual basis for this allegation, Plaintiff appears to contradict its own allegation that several of the Doe Defendants were Plaintiff's employees who exceeded their authority. *See* Compl. ¶¶ 22, 24. Plaintiff also fails to provide specific facts demonstrating that Plaintiff's database is an "electronic communication" or that Plaintiff's data was "in electronic storage," instead relying on conclusory statements that repeat the statutory definitions of the terms. For example, "electronic storage" is defined in part as "any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof." 18 U.S.C. § 2510(17). Plaintiff's complaint repeats the definition, alleging that "Nexsales'[s] Database constitutes an 'electronic storage' device as that term is defined under 18 U.S.C. § 2510(17) because the Database provides temporary, intermediate storage of lead data which is electronically

communicated to Nexsales'[s] users." Compl. ¶ 47. Because such conclusory allegations do not support a claim under the Stored Communications Act, the Court will dismiss Plaintiff's fifth cause of action.

### 6. Common Law Misappropriation

A common law misappropriation claim requires that the plaintiff plead facts demonstrating: (1) the plaintiff made a substantial investment of time, effort, and money into creating the thing misappropriated such that the court can characterize the 'thing' as a kind of property right; (2) the defendant appropriated the 'thing' at little or no cost; and (3) the defendant injured the plaintiff by the misappropriation. *Hollywood Screentest of Am., Inc. v. NBC Universal, Inc.*, 151 Cal. App. 4th 631, 650 (2007).

Defendant argues that where the common law claim is based on the same nucleus of facts as a claim under California's Uniform Trade Secrets Act, the statute preempts the common law claims. *See K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009); *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 239 (2010) ("Although California['s Uniform Trade Secrets Act] is vexingly oblique, a legislative intent to supersede other grounds of civil liability does flow from statutory implication, context, legislative history, and general principles of statutory supersession."), *overruled on other grounds by Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011). Plaintiff does not dispute that its claims would be preempted by the Uniform Trade Secrets Act, instead arguing that its common law misappropriation claim is appropriate as to items that are not trade secrets. Opp. at 13. In that regard, Plaintiff fails to plead facts with any specificity establishing such. *See* Compl. ¶¶ 51-56. Accordingly, Plaintiff's sixth cause of action is dismissed.

### 7. Inducing Breach of Contract and Intentional Interference with Contractual Relations

To assert a claim for breach of contract and intentional interference with contractual relations, a plaintiff must demonstrate: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *See Pac. Gas & Elec. Co. v.*

*Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990); 5 Witkin, Summary of Cal. Law (10th ed. 2005), Torts § 731 p. 1058. In the instant case, Plaintiff generally alleges that a contract existed but fails to identify any terms of the contract, the parties involved, the terms of the contract that were breached, how Defendant would have known of the contract, and what harm was suffered by Plaintiff as a result of the breach. Thus, Plaintiff's claims fail for lack of sufficient factual allegations, and Plaintiff's seventh and eighth claims are dismissed.

8. Fraud

A claim for fraud requires: "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1255 (2009). Where a plaintiff alleges fraud, Federal Rule of Civil Procedure 9(b) requires that the plaintiff plead averments of fraud with particularity. To satisfy Rule 9(b), a plaintiff must identify the "who, what, when, and how" with sufficient specificity as to "give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations omitted). Furthermore, a plaintiff may not "lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 479 F.3d 756, 764-65 (9th Cir. 2007) (citation omitted). In short, where a suit involves multiple defendants, the plaintiff must identify the role of each defendant in the alleged fraudulent scheme. *See id.* at 765.

In the instant case, Plaintiff alleges that Defendants "repeatedly accessed and used Nexsales computer and databases by logging in with usernames and passwords that were not theirs." Compl. ¶ 75. This claim appears to contradict prior allegations that Defendants accessed the database and exceeded their authorization. *E.g.*, Compl. ¶¶ 16, 22 ("During employment with Nexsales, one or more of Does 1-100 was given access to confidential and proprietary trade secrets of Nexsales'[s]). Additionally, Plaintiff fails to identify the role of Defendant or the Doe Defendants, instead generally lumping them together in contravention of Rule 9(b). Nor, *inter alia*, does the complaint specify the alleged misrepresentation(s). Accordingly, Plaintiff's ninth cause of action is dismissed.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff is given leave to amend his complaint accordingly. Plaintiff shall file an amended complaint within 30 days of the date of this order.

This order disposes of Docket No. 23.

IT IS SO ORDERED.

Dated: January 24, 2012

_____
EDWARD M. CHEN
United States District Judge