1  Nick Heimlich (SBN 233232)
   Law Offices of Nicholas D. Heimlich
2  900 Lafayette Street, Suite 509
   Santa Clara, CA 95050
3  Tel: (408) 457-9364
   Fax: (408) 841-7630
4  Eml: nick@nickheimlichlaw.com

5  Alan Heimlich (SBN 213390)
   HEIMLICH LAW
   900 Lafayette St., Ste 509
6  Santa Clara, CA 95050
   Tel: (408)253-3860
7  Fax: (408)257-9904
   Eml: alanheimlich@heimlichlaw.com
8
   Attorneys for Plaintiff
9  NEXSALES CORPORATION

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA,

12

SAN FRANCISCO DIVISION

13  | NEXSALES CORPORATION, | Case No. 3:11-cv-03915-EMC |
|---|---|
14  | Plaintiff, | Judge Edward Chen |
15  | vs. | **CASE MANAGEMENT STATEMENT and REQUEST TO REMOVE CASE MANAGEMENT CONFERENCE FROM CALENDAR** |
16  | SALEBUILD, INC., and Does 1-100, | |
17  | Defendants. | ORDER RESETTING CMC |

18

19

20  **CASE MANAGEMENT STATEMENT.**

21  NOW COMES Plaintiff, NEXSALES CORPORATION ("NEXSALES " or Plaintiff), to

22  file its case management statement.  This is moot, because the parties are exchanging signed

23  settlement agreements, which after final review will dispose of this case in its entirety.  Plaintiff

24  asks that the currently scheduled Case Management Conference be removed from the Calendar.

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

    Plaintiff:
    <u>Subject Matter Jurisdiction</u>:
    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, federal question jurisdiction, based upon the provisions of 18 U.S.C. § 1030, and 28 U.S.C. § 1367(a), and supplemental jurisdiction.

    Defendant has no counterclaims.

    <u>Venue</u>:
    Venue is proper in this District pursuant to 28 U.S.C. §§ 139l(b), and (c) because the defendants are subject to personal jurisdiction in this District on the basis of transacting business within this State.

    <u>Personal Jurisdiction</u>:
    Plaintiff is unaware of any issue with personal jurisdiction.

    <u>Service</u>:
    Defendant was served on 11/17/2011.  No additional Defendants remained to be served at this time, although, this may change as the case develops.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

    Plaintiff's Statement of Facts: Nexsales Corporation (Nexsales) is in the business of Database Management and Lead Generation for Global clients. The database records created, maintained, and updated by Nexsales are highly valuable and critical assets of Nexsales. Any loss, theft, misappropriation, etc. of Nexsales database information results in significant loss of revenues for Nexsales and can result in  significant loss to clients and loss of reputation. On or about December 2010 through February 2011, one or more Defendants did illegally access (over 3000 times) Nexsales Corporation databases located on a computer, and downloaded from such computer highly valuable and critical assets of Nexsales Corporation.

3. <u>Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.</u>

    Plaintiff: This is moot, because the parties are exchanging signed settlement agreements, which after final review will dispose of this case in its entirety.

4. <u>Motions: All prior and pending motions, their current status, and any anticipated motions.</u>

Plaintiff: Defendant's made a motion to dismiss, which was granted with leave to amend. Plaintiffs have time and leave to amend the Complaint, Plaintiff amended their Complaint, Defendant answered.

5. <u>Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.</u>

Plaintiff: This is moot, because the parties are exchanging signed settlement agreements, which after final review will dispose of this case in its entirety.

6. <u>Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.</u>

Plaintiff: Counsel has informed client and discussed preservation of evidence.

7. <u>Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.</u>

Plaintiff: This is moot, because the parties are exchanging signed settlement agreements, which after final review will dispose of this case in its entirety.

8. <u>Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).</u>

Plaintiff: No Discovery taken to date. This is moot, because the parties are exchanging signed settlement agreements, which after final review will dispose of this case in its entirety.

9. <u>Class Actions: If a class action, a proposal for how and when the class will be certified.</u>

Plaintiff: Not Applicable.

10. <u>Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.</u>

Plaintiff: None.

Defendant: None.

11. <u>Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In</u>

addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

Plaintiff: This is moot, because the parties are exchanging signed settlement agreements, which after final review will dispose of this case in its entirety.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

Plaintiff: This is moot, because the parties are exchanging signed settlement agreements, which after final review will dispose of this case in its entirety.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

Plaintiff: This is moot in light of the fact that Defendant objected to the Magistrate Judge.

Defendant: Defendant has respectfully declined to proceed before a magistrate judge for all purposes.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

Plaintiff: This is moot, because the parties are exchanging signed settlement agreements, which after final review will dispose of this case in its entirety.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

Plaintiff: This is moot, because the parties are exchanging signed settlement agreements, which after final review will dispose of this case in its entirety.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

Plaintiff: This is moot, because the parties are exchanging signed settlement agreements, which after final review will dispose of this case in its entirety.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

Plaintiff: This is moot, because the parties are exchanging signed settlement agreements, which after final review will dispose of this case in its entirety.

Plaintiff requests that the Case Management Calendar set for next week be taken off calendar.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

Plaintiff: This is moot, because the parties are exchanging signed settlement agreements, which after final review will dispose of this case in its entirety.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Plaintiff: Both parties have filed the certification.

Defendant: Defendant has filed its certification.

20. <u>Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.</u>

Plaintiff: This is moot, because the parties are exchanging signed settlement agreements, which after final review will dispose of this case in its entirety.

Dated: 04/06/2012

                        Respectfully submitted,
                        /s/ Nick Heimlich

                        Nick Heimlich
                        Attorney for Plaintiff
                        NEXSALES CORPORATION

IT IS SO ORDERED that the 4/13/12 Further CMC is reset to 6/22/12 at 10:30 a.m. An updated joint CMC Statement shall be filed by 6/15/12. The 6/22/12 CMC will be vacated once a stipulation for dismissal is filed.

_____
Edward M. Chen
U.S. District Judge

IT IS SO ORDERED AS MODIFIED
Edward M. Chen

5   Case Management Statement